UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               Case No.: 8:11-cr-200-T-33TBM

FRANCISCO GUINDIN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Francisco Guindin's pro se Motion for Compassionate Release (Doc. # 102), filed on September 16, 2020. The United States responded on October 2, 2020. (Doc. # 106). For the reasons set forth below, the Motion is denied.

**I. Background**

On January 20, 2012, the Court sentenced Guindin to 100 months' imprisonment for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Doc. # 56). Guindin is thirty-two-years old and his projected release date from Sheridan FCI is January 19, 2023. (Doc. # 106 at 2).

In the Motion, Guindin requests compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, his underlying health condition of obesity, and to help take care of his elderly

1

father. (Doc. # 102 at 1). On September 29, 2020, a number of Guindin's family members filed letters in support of his Motion. (Doc. # 105). The United States has responded (Doc. # 106), and the Motion is now ripe for review.

## II.  Discussion

The United States argues that the Motion should be denied on the merits. (Doc. # 106 at 4-6). The Court agrees and holds that, regardless of whether Guindin has exhausted his administrative remedies, the Motion is denied because his circumstances are not extraordinary and compelling.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Guindin argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Guindin alleges that he filed a request for compassionate release with the warden of his facility on July 16, 2020, which was left unanswered. (Doc. # 102 at 6). Because the United States does not dispute this contention, the Court finds for the purpose of this Motion that Guindin has exhausted his administrative remedies. (Doc. # 106).

However, the Court denies the Motion because Guindin's circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Guindin bears the

3

burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Guindin seeks compassionate release because of the COVID-19 pandemic, his underlying condition of obesity, and to take care for his elderly father, who suffers from "ulcers, high blood pressure, diabetes, and chronic back pain." (Doc. # 102 at 1). However, none of these circumstances are extraordinary and compelling such that they warrant release. See United States v. Greene, No. 1:17-cr-00012-NT-1, 2020 WL 4475892, at *5 (D. Maine Aug. 4, 2020) (finding that a need to care for an inmate's blind, elderly mother, who had a serious heart condition, does not constitute an extraordinary and compelling circumstance warranting compassionate release); United States v. Hayes, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020) (denying compassionate release for an inmate with underlying conditions of hypertension and obesity).

Additionally, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone

4

cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, although the Court commends Guindin for his efforts to rehabilitate himself in prison (Doc. # 102 at 2), he has not shown an extraordinary and compelling reason for compassionate release and his Motion is denied.

And, while Guindin's concerns about the COVID-19 pandemic are understandable, the Court notes several measures that have been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of

Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Francisco Guindin's pro se Motion for Compassionate Release (Doc. # 102) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of October, 2020.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE